UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLIE RESOSO,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>CLAUSING INDUSTRIAL, INC.,<br><br>　　　　　　　　　Defendant. | Case No. 2:14-cv-00102-MMD-GWF<br><br>ORDER<br><br>(Plf.'s Motion to Remand – dkt. no. 12) |

**I.   SUMMARY**

Before the Court is Plaintiff Charlie Resoso's Motion to Remand (dkt. no. 12). The Court has also considered Defendant Clausing Industrial, Inc.'s ("Clausing") Opposition (dkt. no. 18) and Plaintiff's Reply (dkt. no. 19). For the reasons stated below, the Motion is denied.

**II.   BACKGROUND**

This personal injury lawsuit arises from Plaintiff's alleged injury as a result of using an SUS 80H Engine Lathe, allegedly manufactured by Defendant.

This case was filed in the Eighth Judicial District of Clark County, Nevada on November 14, 2013. Clausing received service on December 2, 2013, and answered on December 19, 2013. Plaintiff mail-served Clausing with a copy of his Petition for Exemption from Arbitration ("Petition for Exemption") on December 23, 2013. In the Petition for Exemption, Plaintiff stated that he had, to date, incurred medical expenses in excess of $592,289.93. Clausing removed the case to this Court on January 21, 2014,

29 days after Plaintiff mail-served the Petition for Exemption. (Dkt. no. 1.) Plaintiff filed this Motion to Remand on February 20, 2014. (Dkt. no. 12.)

Plaintiff argues that Defendant did not file the notice of removal of this action within the statutorily-required 30-day time period.

## III. LEGAL STANDARD

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court. 28 U.S.C. § 1441(a). This case was removed on the basis of this Court's diversity jurisdiction. (Dkt. no. 1.) If a defendant has improperly removed a case over which the federal court lacks diversity jurisdiction, the federal court must remand the case to state court. 28 U.S.C. § 1447(c). However, the district court should deny a motion to remand to state court if the case was properly removed to federal court. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984).

## IV. ANALYSIS

The only question presented in Plaintiff's Motion to Remand is whether Defendant timely filed its Petition for Removal. Plaintiff argues that the clock for filing the Petition for Removal began when Clausing's counsel accepted service, on December 2, 2013. (*See* dkt. no. 12 at 4.) Defendant counters that the clock was triggered when it was served with the Petition for Exemption, on December 23, 2013. (*See* dkt. no. 18 at 3.)

28 U.S.C. § 1446(b)(2)(B) holds that "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See id.* § 1446(b)(3). In the case of removal based on diversity of citizenship, "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a),

information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." See id. § 1446(c)(3)(A).

The question for the Court, therefore, is whether service of the Complaint put Defendant on notice that the amount in controversy requirement was met or whether Defendant was first notified by the Petition for Exemption. Plaintiff argues that it was evident from the face of the Complaint that the amount in controversy requirement was met because the "Complaint specifically prayed for several different types of damages, each in excess of $10,000." (Dkt. no. 12 at 3.) Plaintiff's Motion lists the relief claimed in the Complaint: (1) general damages in excess of $10,000; (2) compensatory damages in excess of $10,000; (3) special damages in excess of $10,000; (4) loss of earnings and earnings capacity and future loss of earning capacity; (5) damages for lost past and future household services; (6) punitive damages in excess of $10,000; (7) prejudgment interest; and (8) costs. (Id.)

Defendant argues that these allegations alone were not sufficient for Defendant to know whether the amount in controversy requirement was met. The Court agrees. On removal, Defendant bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). Defendant must provide "summary judgment-type" evidence to overcome the "strong presumption" against removal jurisdiction. Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). As jurisdiction cannot be based on Defendant's speculation and conjecture, the allegations in the Complaint, without further evidence, would not have been sufficient to establish that the amount in controversy requirement was met. See Lowderkmilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1002 (9th Cir. 2007).

Plaintiff's Petition for Exemption, on the other hand, provided notice to Defendant of the total amount of Plaintiff's special damages to date: $592,289.93. (See dkt. no.

18-6.) As Defendant filed within 30-days of service of the Petition for Exemption, the Court finds that Defendant's removal was timely.

## V.   CONCLUSION

It is hereby ordered that Plaintiff's Motion to Remand (dkt. no. 12) is denied.

ENTERED this 22nd day of April 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE