UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLIE RESOSO,<br><br>Plaintiff,<br>v.<br><br>CLAUSING INDUSTRIAL, INC., ANILOX ROLL COMPANY, INC. d/b/a ARC INTERNATIONAL,<br><br>Defendants. | Case No. 2:14-cv-00102-RFB-GWF<br><br>**ORDER**<br><br>**Re: Motions (ECF Nos. 169, 171, 177)** |

This matter is before the Court on Defendant Anilox Roll Company, Inc.'s Motion to Modify Scheduling Order to Open the Time Period for Adding New Parties (ECF No. 169) and Motion for Leave to File Third-Party Complaint (ECF No. 171), filed on March 16, 2018. No written oppositions were filed to these motions. Also before the Court is Defendant Anilox Roll Company, Inc.'s Motion to Further Stay Expert Disclosures (ECF No. 177), filed on April 12, 2018. The Court conducted a hearing in this matter on April 17, 2018. Although the time to file written responses to Motion (ECF No. 177) had not yet run, the parties agreed to present their arguments on this motion during the hearing.

## **BACKGROUND**

Plaintiff Charlie Resoso suffered serious bodily injuries is a work-related accident that occurred on January 10, 2012. On November 14, 2013, Plaintiff filed a complaint against Defendant Clausing Industries, Inc., the manufacturer and distributor of the lathe machine involved in the accident. On July 14, 2016, Plaintiff filed a first amended complaint joining Anilox Roll Company West, Inc. ("Anilox West") as a defendant. *First Amended Complaint*

1

(ECF NO. 67). Defendant Anilox West filed a motion to dismiss the first amended complaint on the grounds that it is barred by Nevada's two-year statute of limitations, NRS 11.190(2)(E). *Motion to Dismiss* (ECF No. 79). While the motion to dismiss was pending, Plaintiff moved for leave to file a second amended complaint to join Anilox Roll Company, Inc. ("Anilox East") as a defendant. The second amended complaint arose out of confusion as to whether Plaintiff was employed by Anilox West or Anilox East.

On February 28, 2017, the Court granted Plaintiff's motion to file a second amended complaint subject to a ruling on the motion to dismiss the first amended complaint. *Order* (ECF No. 104). On March 22, 2017, the Court denied Anilox West's motion to dismiss the first amended complaint. The Court further stated that Defendant Anilox East "may not file a motion to dismiss on the same issues presented but shall be allowed to file a motion for summary judgment on issues raised in the earlier motion." *Minutes of Proceedings* (ECF No. 107). On July 1, 2018, the Court dismissed Defendant Anilox West, with prejudice, based on the parties' stipulation that it was Plaintiff's employer at the time of the accident. *Stipulation and Order* (ECF No. 130).[1]

On September 28, 2017, Anilox East filed a motion for summary judgement based on the statute of limitations. *Motion for Summary Judgment* (ECF No. 147). On September 29, 2017, the Court temporarily stayed Anilox East's obligation to disclose expert witnesses pending the completion of briefing on its motion for summary judgment, at which time the Court would determine whether a further stay was warranted. *Minutes of Proceedings* (ECF No. 148). On October 17, 2017, the Court approved the parties' discovery plan and scheduling order which incorporated the temporary stay of the expert witness disclosure deadline. *Discovery Plan and*

---

[1] Anilox East and Anilox West are distinct legal entities, but are commonly owned and managed. At the time of the accident, Plaintiff was employed by Anilox West. Anilox East allegedly provided maintenance for the lathe involved in Plaintiff's accident and is sued on that basis, and apparently also on the basis that it "sold" the lathe to Anilox West.

*Scheduling Order* (ECF No. 152). The scheduling order anticipated that the motion for summary judgment would be fully briefed by January 10, 2018. *Id.* at 4. Plaintiff's opposition to the motion for summary judgment was not filed until March 12, 2018. Anilox East filed its reply on April 4, 2018.

On April 12, 2018, Anilox East filed a second motion for summary judgment, on the grounds that Plaintiff's claims for strict products liability and breach of warranty are barred as a matter of law because Anilox East was not a "seller of products." *Motion for Summary Judgment* (ECF No. 178). Defendant Clausing also filed a motion for summary judgment on April 13, 2018 in which it argues that Plaintiff did not follow the machinist's standard of care in operating the lathe and that Anilox East failed to follow the proper standard of care in modifying and failing to repair the machine. *Motion for Summary Judgment* (ECF No. 184).

### 1. **Anilox East's Motion to Further Stay Expert Disclosures**.

Anilox East requests that the deadline for initial expert witness disclosures be extended to 45 days after the decision on its first motion for summary judgment, with the deadlines for rebuttal expert disclosures one month thereafter. Plaintiff opposes any further stay of the expert witness disclosures and discovery.

The court may grant a stay of discovery if (1) a pending motion is potentially dispositive; (2) it can be decided without additional discovery, and (3) the court, having taken a "preliminary peek" at the merits of the motion, is convinced that the plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D.Nev. 2013). *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555 (D.Nev. 1997). In this case, the question is whether Plaintiff's second amended complaint against Anilox East is barred by the statute of limitations. The parties' arguments turn on whether the second amended complaint relates back to the filing of the original complaint on November 14, 2013. Anilox East has

3

presented reasonably strong arguments that Plaintiff cannot satisfy the requirements for application of the relation back doctrine under Nevada or federal law. There is, accordingly, a reasonable possibility that Anilox East's motion for summary judgment will be granted. The Court cannot state, however, that it is convinced the motion will be granted. It is likely to be several months before the Court rules on the motion. A stay of expert witness discovery during that period will result in further delay in the resolution of this case. The Court will therefore deny Anilox East's motion to further stay expert disclosures, and will enter a scheduling order regarding expert witness disclosures and discovery.

**2. Anilox East's Request for Leave to File a Third Party Complaint Against Dominion Air & Machinery Company.**

As discussed above Plaintiff's second amended complaint alleges claims against Anilox East for strict products liability and breach of warrant. Anilox East previously requested that Plaintiff voluntarily dismiss these claims on the grounds that it is not a "seller of products." After Plaintiff advised that he would not voluntarily dismiss these claims, Anilox East filed its second motion for summary judgment. Anilox East also seeks to assert a third-party claim for equitable indemnity, contribution, and apportionment against Dominion Air & Machinery Co., which is the entity from whom Anilox East purchased the lathe.

Neither Plaintiff or Co-Defendant Clausing filed a written opposition to Anilox' motion to file the third party complaint. The chief concern, however, is whether the joinder of Dominion as a third-party defendant will result in further delay of the action. In this regard, Anilox East proposes that the parties meet and confer within three weeks after Dominion enters its appearance and submit a joint discovery plan and scheduling order. Anilox also requests that all discovery deadlines be stayed until that time. Dominion's interests in defending against liability in this case are potentially well represented by Defendant Clausing or by Anilox East who are the other parties in the alleged chain of distribution. The joinder of Dominion as a third-

4

party defendant, therefore, may not require any significant modification or extension of discovery. To the extent it does, however, the Court reserves the option to sever the third-party complaint against Dominion pursuant to Fed.R.Civ.P. 42(b). The Court will, therefore, grant Anilox East leave to file and serve the third-party complaint, but will not stay discovery pending Dominion's appearance in this action. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Anilox Roll Company, Inc.'s Motion to Further Stay Expert Disclosures (ECF No. 177) is **denied.** It is further ordered that the following schedule shall apply to the disclosure of expert witnesses in this action:

1. The deadline for the initial disclosure expert witnesses pursuant to Rule 26(a)(2)(D)(i) is June 25, 2018.

2. The deadline for the disclosure of rebuttal expert witnesses pursuant to Rule 26(a)(2)(D)(ii) is July 25, 2018.

3. The deadline to complete discovery regarding expert witnesses, including the taking of their depositions, is August 27, 2018.

**IT IS HEREBY ORDERED** that Defendant Anilox Roll Company, Inc.'s Motion to Modify Scheduling Order to Open the Time Period for Adding New Parties (ECF No. 169) and Motion for Leave to File Third-Party Complaint (ECF No. 171) are **granted**. The Court will not stay or extend discovery by virtue of the joinder of Dominion Air & Machinery Co. as a third party defendant, and it reserves the option to sever the third-party complaint pursuant to Rule 42(b) to avoid undue delay or prejudice.

DATED this 24th day of April, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE