**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CHARLIE RESOSO, | Case No. 2:14-cv-00102-RFB GWF |
| Plaintiff, | **<u>ORDER</u>** |
| v. | |
| CLAUSING INDUSTRIAL, INC., ANILOX ROLL COMPANY, INC. d/b/a ARC INTERNATIONAL, INCLUSIVE, | |
| Defendants. | |
| CLAUSING INDUSTRIAL, INC. | |
| Cross-Claimant, | |
| v. | |
| ANILOX ROLL COMPANY, INC. | |
| Cross-Defendant. | |

**I.  INTRODUCTION**

Before the Court is Defendant Anilox Roll Company, Inc.'s Motion for Determination of Good Faith Settlement (ECF No. 252) and Motion for Leave to File Motion for Determination of Good Faith Settlement Under Seal (ECF No. 253). For the reasons discussed below, ECF Nos. 252 and 253 are granted.

/ / /

## II. PROCEDURAL BACKGROUND

This case arises out of an accident that occurred on January 10, 2012, which rendered the Plaintiff quadriplegic. Plaintiff filed a Complaint in state court on November 14, 2013, and Defendant Clausing Industrial, Inc. ("Clausing") removed the case to federal court on January 21, 2014. ECF No. 1. The Court granted Plaintiff's motion to add Anilox Roll Company, Inc. ("ARC, Inc." or "ARC East") as a Defendant in this case on February 28, 2017. ECF No. 104.

On November 20, 2018, ARC, Inc. filed the instant Motion for Determination of Good Faith Settlement and Motion for Leave to File Motion for Determination of Good Faith Settlement Under Seal. ECF Nos. 252, 253. In the Motion for Determination of Good Faith Settlement, ARC, Inc. informed the Court that ARC, Inc. and Plaintiff agreed to settle Plaintiff's claims on November 9, 2018.

On December 4, 2018, Plaintiff filed a "Notice of Neutrality" with respect to ARC, Inc.'s Motion for Determination of Good Faith Settlement, stating that Plaintiff neither opposes nor joins the motion. ECF No. 262. The same day, Clausing filed its oppositions to both pending motions. ECF Nos. 263, 264. On December 11, 2018, ARC, Inc. filed replies regarding both motions. ECF Nos. 268, 269.

On December 17, the Court held a hearing on the instant motions. ECF No. 270. The Court allowed Clausing an opportunity to file a sur-reply regarding the Motion for Determination of Good Faith Settlement. The Court permitted a temporary seal of the amount of ARC, Inc.'s settlement agreement with Plaintiff.

On December 27, 2018, ARC, Inc. filed a copy of the settlement agreement, which it represented will be signed by Plaintiff prior to the hearing scheduled for January 11, 2019. ECF No. 271. On December 28, 2018, Clausing filed its sur-reply. ECF No. 272.

## III. FACTUAL FINDINGS

The Court has reviewed the settlement agreement in this case and makes the following factual findings.

The Court finds that ARC, Inc. and Plaintiff reached a settlement on November 9, 2018 for

███████████████████████████████████████ The settlement amount constitutes approximately ███ percent of Plaintiff's overall alleged damages. The settlement ████ ██████████████████████, and the proceeds will go directly to Plaintiff as the sole plaintiff. The Court finds no evidence of collusion or fraud in reaching the settlement.

### IV. LEGAL STANDARD

#### A. Motion for Determination of Good Faith Settlement

Under Nevada Revised Statutes ("NRS") 17.245, "any joint tortfeasor in a multi-defendant tort action may obtain protection from claims of contribution and implied indemnity by settling with the tort claimant in good faith." The Doctors Co. v. Vincent, 98 P.3d 681, 683 (Nev. 2004). To determine whether a settlement is made in good faith pursuant to NRS 17.245, the following factors may be relevant: "[t]he amount paid in settlement, the allocation of the settlement proceeds among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." Id. at 686 (quoting In re MGM Grand Hotel Fire Litigation, 570 F. Supp. 913, 927 (D. Nev. 1983)). However, the ultimate determination must be based on all relevant facts available. Id.; see also Otak Nevada, L.L.C. v. Eight Jud. Dist. Ct., 312 P.3d 491, 496 (Nev. 2013). A settling defendant has the burden of proof. Id. at 690.

#### B. Motion to Seal

Courts have long recognized "a general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978) (quotation marks omitted). However, this right is not absolute. Id. There is a "strong presumption in favor of access" to dispositive motions or their attachments, and a party seeking to seal such document bears the burden of overcoming this presumption by providing a compelling and fact-based reason for the document to be sealed. Id. (citations and quotation marks omitted). "[I]f the court decides to seal certain judicial records [attached to dispositive motions], it must base

its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. at 1179 (citation and quotation marks omitted).

**V.     DISCUSSION**

**A.  Motion for Determination of Good Faith Settlement**

The Court finds that Defendant Anilox Roll Company, Inc. has met its burden of proving that the settlement was in good faith. In reaching this conclusion, the Court has considered the amount paid, the insurance policy limit, and the lack of evidence of collusion, fraud or tortious conduct.

Defendant Clausing opposes the motion, arguing that the ▮▮▮▮ settlement is essentially *de minimis* in light of evidence of ARC, Inc.'s relative liability. The Court need not find that ARC, Inc. was not liable or minimally liable for Plaintiff's injuries in order to find that a settlement for a portion of the total alleged damages was made in good faith. Clausing appears to argue that, in finding that the proposed settlement was made in good faith, the Court therefore necessarily finds that ARC, Inc. was no more than ▮▮ percent liable for the alleged incident. But a settlement is not a concession of relative liability. Rather, it is a compromise in which a plaintiff accepts less than the maximum potential value of his claim in exchange for security and finality with regard to a defendant. The Court acknowledges the conflicting evidence regarding ARC, Inc.'s and Clausing's relative liability in this case, but the Court need not resolve it. The Court need only find, and does find, that the ▮▮▮▮ settlement amount is a sum sufficient to support a finding of ARC, Inc.'s good faith.

**B.  Motion to Seal**

The Court finds that that compelling reasons exist to maintain the confidentiality of the settlement amount. Confidentiality was a material consideration to, and an essential element of, Plaintiff and ARC, Inc,'s agreement to settle. ARC, Inc.'s interest in maintaining the confidentiality of the settlement outweighs the public's interest in knowing the specific amount of the settlement. The Court therefore grants the Motion for Leave to File Motion for Determination of Good Faith Settlement Under Seal and furthermore files the instant order under seal. The Court

will file a redacted copy of the instant order in which references to the specific amount of the settlement will be removed.

### VI.     CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant ARC., Inc.'s Motion for Determination of Good Faith Settlement (ECF No. 252) and Motion for Leave to File Motion for Determination of Good Faith Settlement Under Seal (ECF No. 253) (ECF No. 184) are GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to file the unredacted copy of this order under seal.

**IT IS FURTHER ORDERED** that Defendant Anilox Roll Company, Inc.'s Second Motion for Order Shortening Time (ECF No. 256) is DENIED as moot.

DATED: <u>January 8, 2019</u>.

_____
**RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE**